No. 19-3144

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| DEMETRIA POWELL, as guardian *ad litem* and on behalf of her son D.P.; TANYA REESE, as guardian *ad litem* and on behalf of her son M.R.; and TYWANNA PATRICK, as guardian *ad litem* and on behalf of her granddaughter J.C., as well as on behalf of a class of similarly situated children, <br><br>    Plaintiffs-Appellees, <br><br> v. <br><br> STATE OF ILLINOIS, ILLINOIS STATE POLICE, J.B. PRITZKER, and BRENDAN F. KELLY, <br><br>    Defendants-Appellants. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division <br><br><br><br><br><br><br><br> No. 1:18-cv-6675 <br><br><br><br><br><br><br><br> The Honorable JOAN B. GOTTSCHALL, Judge Presiding. |

**DOCKETING STATEMENT**

As required by Circuit Rule 3(c), Defendants-Appellants State of Illinois, Illinois State Police, J.B. Pritzker in his official capacity as Governor of the State of Illinois, and Brendan F. Kelly in his official capacity as Director of the Illinois State Police ("Defendants"), by their attorney, Kwame Raoul, Attorney General of the State of Illinois, submit this docketing statement.

1. On October 3, 2018, Plaintiffs-Appellees Demetria Powell as guardian *ad litem* and on behalf of her son D.P., Tanya Reese as guardian *ad litem* and on behalf of her son M.R., and Tywanna Patrick as guardian *ad litem* and on behalf of

her granddaughter J.C. (collectively, "Plaintiffs") filed an action in the district court. Dist. Ct. Doc. 1. The complaint, filed on behalf of Plaintiffs and a class of similarly situated children, *id.* at 4, named the following defendants: the State of Illinois, the Illinois State Police, Bruce Rauner in his official capacity as Governor of the State of Illinois, and Leo P. Schmitz in his official capacity as Director of the Illinois State Police, *id.* at 5-6.[1]

2. Plaintiffs allege that Defendants' failure to promulgate regulations on gun dealers violates their rights under Title II of the Americans with Disabilities Act ("ADA") and 740 ILCS 23/5(a)(2) of the Illinois Civil Rights Act. *Id.* at 26-29. In their ADA claims, Plaintiffs allege that Defendants are violating their duty to make reasonable accommodations to Plaintiffs—who allege to be impeded from participating in the State's public education program and law enforcement programs—by failing to use the State's regulatory authority to promulgate regulations on gun dealers. *Id.* at 26-27. And in their Illinois Civil Rights Act claim, Plaintiffs allege that Defendants' failure to regulate gun dealers is subjecting Plaintiffs to discrimination on the basis of their race. *Id.* at 28. Plaintiffs thus seek declaratory relief and an injunction requiring the Illinois State Police to reasonably accommodate Plaintiffs by promulgating regulations on gun dealers under the Illinois Firearm Owner's Identification Card Act ("FOID Act"). *Id.* at 26-29.

---

[1] Rauner was succeeded by Pritzker as Illinois Governor, and Schmitz was succeeded by Kelly as Director of the Illinois State Police.

3. The district court, however, lacked jurisdiction over Plaintiffs' claims because they failed to establish standing under Article III of the United States Constitution, *see* Dist. Ct. Doc. 25 at 4-10, and because their action is now moot, *see* Dist. Ct. Doc. 39. To begin, Plaintiffs lacked Article III standing because they do not allege and cannot show that the injury alleged—psychological trauma from exposure to third-party gun violence—is fairly traceable to Defendants and is likely to be redressed by an order requiring the Illinois State Police to promulgate additional regulations on gun dealers. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992); *Schirmer v. Nagode*, 621 F.3d 581, 585 (7th Cir. 2010). Additionally, as the district court ultimately concluded in its September 30, 2019 order, *see* Dist. Ct. Doc. 37 at 15-16, two of the three Plaintiffs (Reese and Patrick, on behalf of M.R. and J.C.) failed to allege an injury-in-fact because M.R. and J.C.—who no longer lived in areas exposed to gun violence—do not face an actual or imminent threat of future gun violence, *id.*; *Lujan*, 504 U.S. at 560.

4. The district court also lacked subject matter jurisdiction for the independent reason that this action became moot after the complaint was filed. *See Pakovich v. Verizon LTD Plan*, 653 F.3d 488, 492 (7th Cir. 2011) ("Federal courts lack subject matter jurisdiction when a case becomes moot."). In January 2019, approximately three months after this case was filed, the State enacted the Combating Illegal Gun Trafficking Act, 430 ILCS 68/1 (eff. Jan. 19, 2019), which contains the Firearm Dealer License Certification Act, 430 ILCS 68/5, *et seq*. The

3

Firearm Dealer License Certification Act created new regulatory oversight by the Illinois State Police over firearms dealers in Illinois. 430 ILCS 68/5-1. That oversight includes a system by which the State Police (a) regulates the commercial activities of firearms dealers and certify each dealer's firearm's license, and (b) strengthens security at locations that deal in firearms to decrease firearm thefts and break-ins and in turn protect the public. *See id.* 68/5-1, 5-15, 5-50, 5-55. Pursuant to the Firearm Dealer License Certification Act, the Illinois State Police have published proposed administrative regulations to implement the Act. *See* Illinois Register, Notice of Proposed Rules (Aug. 23, 2019).[2] In other words, the relief sought by Plaintiffs—additional state regulation of gun dealers—has already been effectuated by the Firearm Dealer License Certification Act. *See, e.g.*, *Pavarti Corp. v. City of Oak Forest*, 630 F.3d 512, 516 (7th Cir. 2010); *Burbank v. Twomey*, 520 F.2d 744, 747 (7th Cir. 1975). Accordingly, this action is moot.

5. Furthermore, to the extent that the Eleventh Amendment to the United States Constitution affects a court's subject matter jurisdiction, the district court lacked federal question jurisdiction because Plaintiffs' requested relief is barred by the Eleventh Amendment. *See* Dist. Ct. Doc. 25 at 16-18; *Wis. Dep't of Corrs. v. Schacht*, 524 U.S. 381, 391 (1998) (Supreme Court has "not decided" whether "Eleventh Amendment immunity is a matter of subject-matter jurisdiction").

---

[2] https://www.cyberdriveillinois.com/departments/index/register/volume43/register_volume43_issue34.pdf (page 9084, pdf pages 125-57).

*Compare Mercado v. Dart*, 604 F.3d 360, 361 (7th Cir. 2010) ("[T]he eleventh amendment limits the jurisdiction of federal courts."), *with Ind. Prot. & Advocacy Servs. v. Ind. Family & Soc. Servs. Admin.*, 603 F.3d 365, 370 (7th Cir. 2010) ("The Eleventh Amendment is unusual in that it does not strictly involve subject matter jurisdiction."). Otherwise, the district court had jurisdiction over the federal claims under 28 U.S.C. § 1331, and had supplemental jurisdiction over the state claim under 28 U.S.C. § 1367.

6. On September 30, 2019, the district court granted in part and denied in part Defendants' motion to dismiss the action under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Dist. Ct. Doc. 37 at 34. It granted the motion with respect to Reese and Patrick (on behalf of M.R. and J.C.) and dismissed their claims for lack of Article III standing. *Id.* at 16. But the district court denied Defendants' motion to dismiss the claims raised by Powell (on behalf of D.P.), concluding that (1) D.P. sufficiently alleges Article III standing, (2) D.P. states a claim under the ADA and the Illinois Civil Rights Act, and (3) D.P.'s claims are not barred by the Eleventh Amendment. *Id.* at 22, 29-30; *see also* Dist. Ct. Doc. 25 at 16-18 (Eleventh Amendment argument).

7. On October 15, 2019, Defendants filed a motion for reconsideration and to dismiss the action as moot based on the Firearm Dealer License Certification Act and pending proposed rules. *See* Dist. Ct. Doc. 39. That motion remains pending before the district court.

8. On October 28, 2019, Defendants filed a notice of interlocutory appeal on the portion of the order entered by the district court on September 30, 2019, denying Defendant's motion to dismiss in which they argued that the relief requested by Plaintiffs was barred by the Eleventh Amendment. *See* Dist. Ct. Doc. 45. The notice of appeal was timely filed within 30 days of the September 30, 2019 order. *See* Fed. R. App. P. 4(1)(A); 28 U.S.C. § 2701(a).

9. Accordingly, this Court has jurisdiction over this appeal based on 28 U.S.C. § 1291 and the collateral order doctrine. Under that doctrine, an interlocutory order of a district court may be reviewed by this Court if the order finally determines a claim separate from, and collateral to, the underlying action, and is too important to defer consideration until the entire case has been adjudicated. *See Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949); *Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009).

10. The district court's September 30, 2019 order made a final determination on claims for relief that are separate from the remaining issues. Specifically, the district court declined to dismiss the relief requested against Defendants that is barred by the Eleventh Amendment. *See* Dist. Ct. Doc. 37 at 30.

11. Because the Eleventh Amendment provides immunity from being sued, the benefit of the doctrine would be lost if an appeal must wait until the remaining issues are finally resolved. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 143-44 (1993); *Jones v. Clark*, 630 F.3d 677, 679 (7th Cir.

2011); *Mercado v. Dart*, 604 F.3d 360, 362 (7th Cir. 2010); *Nanda v. Bd. of Trs. of Univ. of Ill.*, 303 F.3d 817, 821 (7th Cir. 2002).

12. Moreover, as the collateral order doctrine requires, *see Jones*, 630 F.3d at 679-80, this appeal presents a pure issue of law; namely, whether the relief sought against Defendants is barred by the Eleventh Amendment. Because the complaint's allegations must be taken as true at the motion to dismiss stage, there is no factual dispute that precludes an appeal. In sum, this appeal satisfies the criteria for the collateral order doctrine, in that it is a final determination, separable from the merits of the underlying action, and would be practicably unreviewable from a final judgment. *See, e.g.*, Circuit Rule 28(a)(3)(ii).

13. Finally, this Court should be aware that this appeal is related to another potential appeal. On October 28, 2019, Defendants filed a motion in the district court to certify two questions for interlocutory appeal under 28 U.S.C. § 1292(b) from the same order that is at issue in this appeal. *See* Doc. 46. First, Defendants are requesting the district court to certify the Article III standing question: whether the injury alleged by the remaining Plaintiff—psychological trauma from exposure to third-party gun violence—is fairly traceable to Defendants and is likely to be redressed by an order requiring Defendants to promulgate regulations on gun dealers. *Id.* at 1. Second, Defendants have asked the district court to certify a fundamental merits question: whether Title II of the ADA encompasses a student's claim of discrimination in public education and law enforcement based on the Illinois

State Police's alleged failure to promulgate regulations as part of its enforcement authority under the FOID Act. *Id.* at 1-2.

14. If the motion is granted by the district court and a petition to certify is granted by this Court, then that appeal should be consolidated with this one. Indeed, if this Court were to hold that Plaintiffs lacked Article III standing or that they fail to state a claim, then it would not need to address whether the Eleventh Amendment bars the relief sought by Plaintiffs. Consolidation, therefore, would save judicial resources.

Respectfully submitted,

**KWAME RAOUL**
Attorney General
State of Illinois

By: /s/ Sarah A. Hunger
**SARAH A. HUNGER**
Deputy Solicitor General
100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-5202
shunger@atg.state.il.us

# CERTIFICATE OF FILING AND SERVICE

I hereby certify that on November 4, 2019, I electronically filed the foregoing Docketing Statement with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system.  I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

/s/ Sarah A. Hunger
**SARAH A. HUNGER**
Deputy Solicitor General
100 West Randolph Street
12th Floor
Chicago, Illinois 60601
(312) 814-5202
shunger@atg.state.il.us