No. 19-3144

IN THE UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| DEMETRIA POWELL, as guardian ad litem and on behalf of her son D.P., <br><br> Plaintiff-Appellee, <br><br> v. <br><br> STATE OF ILLINOIS; ILLINOIS DEPARTMENT OF STATE POLICE; JB PRITZKER; and BRENDAN F. KELLY, <br><br> Defendants-Appellants. | Appeal from the U.S. District Court for the Northern District of Illinois, Eastern Division <br><br> No. 1:18-cv-6675 <br><br> The Honorable JOAN B. GOTTSCHALL, Judge Presiding. |

**MOTION TO DISMISS APPEAL
AND VACATE DECISION BELOW**

Defendants-Appellants the State of Illinois; the Illinois Department of State Police; JB Pritzker, in his official capacity as Governor of the State of Illinois; and Brendan F. Kelly, in his official capacity as Director of the Illinois Department of State Police, respectfully request that the Court dismiss this appeal pursuant to Federal Rule of Appellate Procedure 42(b) and vacate the decision below. Plaintiff does not oppose dismissal of the appeal, but opposes vacatur.[1]

1. This is an interlocutory appeal arising from a challenge to the State's administration of several state statutes regulating the firearms industry. Plaintiff alleges that the State has discriminated against disabled people in violation of the

---

[1] Defendants-Appellants also respectfully request that the Court suspend the August 18, 2021 deadline for filing their opening brief pending the resolution of this motion.

1

Americans with Disabilities Act by not enacting regulations that plaintiff believes would more effectively regulate federally licensed firearms dealers in Illinois. The State moved to dismiss the complaint, arguing among other things that the suit is barred by the State's sovereign immunity, but the district court denied that motion in September 2019. Doc. 37.[2] The State noticed an interlocutory appeal. Doc. 45.

The case has been in mediation under this Court's Rule 33 since March 2020. During that time, proceedings below have been stayed. On July 21, 2021, plaintiffs informed the State of their intent to resume litigation in the district court, and subsequently sought leave to amend the operative complaint. The district court granted leave to amend on July 28, 2021, precipitating the filing of the first amended complaint. Docs. 96, 97.

The filing of the first amended complaint moots this appeal. Generally, the filing of an amended complaint moots an interlocutory appeal premised on the prior complaint. *See Auto Driveaway Franchise Sys., LLC v. Auto Driveaway Richmond, LLC*, 928 F.3d 670, 674 (7th Cir. 2019) ("[O]nce an amended pleading is interposed, the original pleading no longer performs any function in the case."); *May v. Sheahan*, 226 F.3d 876, 879 (7th Cir. 2000) (amendment of complaint renders interlocutory appeal in immunity case "moot because there [is] no longer . . . a live dispute over whether" defendant is immune "based on the allegations" of the original complaint). Although there are exceptions to this rule, *see Auto Driveaway*, 928 F.3d at 674, the State is not aware of any that would apply in this case.

---

[2] The district court's docket is cited as "Doc. __."

2. The proper course, as this Court has explained, is thus to "vacate the order" from which the appeal was noticed and dismiss the appeal. *Id.*; *United States v. Munsingwear, Inc.*, 340 U.S. 36, 39-40 (1950). The Supreme Court has explained that, when an appeal becomes moot as a result of "unilateral action of the party who prevailed below," the proper disposition is to vacate the decision under review. *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 25 (1994). In such a case, vacatur ensures that "[a] party who seeks review of the merits of an adverse ruling," but is "frustrated" by an action taken by the adverse party to moot the appeal, is not "forced to acquiesce in the judgment." *Id.*

This basic principle governs here. The appeal has become moot not through any action of the State, but because plaintiff sought and was granted leave to amend the complaint. Indeed, plaintiff has explained that one of the "reasons" she filed the amended complaint was to "simplif[y] the case by mooting the appeal." Doc. 95 at 1, 3. In such a case, vacatur is appropriate "to prevent a judgment, unreviewable because of mootness, from spawning any legal consequences." *Munsingwear*, 340 U.S. at 41; *accord Auto Driveway*, 928 F.3d at 674 ("If later developments in the case have removed the legs on which the order under review stands, it is our duty as an appellate court to vacate the order and remand."). The Court should thus dismiss the appeal and vacate the decision below.

## CONCLUSION

For these reasons, the Court should vacate the district court's September 30, 2019 opinion and order granting in part and denying in part the State's motion to

3

dismiss, and dismiss this appeal. The Court should also suspend the August 18, 2021 deadline for filing their opening brief pending the resolution of this motion.

Dated: August 6, 2021

Respectfully submitted,

KWAME RAOUL
Attorney General
State of Illinois

By: /s/ Alex Hemmer
ALEX HEMMER
Deputy Solicitor General
100 West Randolph Street, 12th Floor
Chicago, Illinois 60601
(312) 725-3834
ahemmer@atg.state.il.us

# CERTIFICATE OF FILING AND SERVICE

I certify that on August 6, 2021, I electronically filed this motion with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit using the CM/ECF system.

All other participants in this case are CM/ECF users and will be served by that system.

/s/ Alex Hemmer
ALEX HEMMER